O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARGARITA R. SOLANO, | ) | CASE NO. SA CV 12-01047 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

After modifying the residual functional capacity stated by the Administrative Law Judge, the Social Security Appeals Council adopted the findings of the Administrative Law Judge, and determined that Plaintiff Margarita R. Solano was not disabled. [AR 4-6] Plaintiff challenges the determination on two grounds, neither of which the Court finds persuasive.

First, Plaintiff argues that Plaintiff cannot perform the alternative jobs which the Administrative Law Judge said she could perform, because they require a reasoning level incompatible with her residual functional capacity. The Appeals Council limited Plaintiff to simple routine tasks. [AR 5] Plaintiff says that one of the alternative jobs, that of photocopying-machine operator, requires a reasoning level of 2, and the other requires a reasoning level of 4. Plaintiff then says that Dr. Morgan, who conducted a records review for the Social Security Administration, determined that Plaintiff had marked

1 limitations in understanding, remembering and carrying out detailed instructions and that
2 a person with such limitations could not perform a job with a reasoning level of 2 or 4.
3 Plaintiff misinterprets the evidence.

4 Dr. Morgan evidently did not feel that Plaintiff's "marked limitations"
5 prevented her from performing simple tasks, because he concluded, as the Appeals
6 Council noted, that Plaintiff was "[a]ble to complete a normal workday/workweek,
7 performing simple repetitive tasks." [AR 344] Similarly, the examining psychologist, also
8 referenced by the Appeals Council, concluded that Plaintiff was "capable of learning a
9 routine, repetitive skill," that "her reasoning capacities are adequate," and that she "would
10 be able to maintain a regular work schedule." [AR 330] The reasoning levels in the Labor
11 Department's DICTIONARY OF OCCUPATIONAL TITLES do not belie this evidence. They are
12 levels of general education development, not skill sets for a particular job. DICTIONARY,
13 Appendix C, § III. Accordingly, substantial evidence supported the Commissioner's
14 determination that Plaintiff could perform the alternative jobs, each of which was limited
15 to simple and routine tasks.

16 The Court also finds Plaintiff's second argument unpersuasive. Plaintiff
17 asserts that evidence it submitted to the Appeals Council from a publication called *Job*
18 *Browser Pro* shows that there are not enough jobs in these categories to satisfy the
19 requirements at the fifth step of the sequential evaluation. But the vocational expert
20 clearly testified that there were [AR 70] and the Appeals Council explicitly relied on that
21 testimony [AR 5]. Thus, Plaintiff's argument essentially is that the evidence from *Job*
22 *Browser Pro* that she submitted to the Appeals Council undermined the testimony of the
23 expert, such that the Court should reverse the Commissioner's decision.

24 The Commissioner is not required to discuss every piece of evidence, *Howard*
25 *ex rel. Wolff v. Barnhart,* 341 F.3d 1006, (9th Cir. 2003), and certainly was not required
26 to explain why an unauthenticated page printed out from a computer screen [AR 20] did
27 not trump the testimony of an expert witness. Plaintiff asserts that other courts have found
28 *Job Browser Pro* to be reliable information on which an expert might rely. Yet, no expert

did so here. As Plaintiff acknowledges, the Ninth Circuit has held that a vocational expert's expertise forms the basis for his testimony, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The Appeals Council certainly was entitled to rely on the vocational expert's testimony, even in the face of the page from *Job Browser Pro*, in making its determination.

There being no error of law, and substantial evidence supporting the Commissioner's decision, the decision is affirmed.

DATED: July 16, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE